IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **NICOLA C. HUDSON,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-284 (MTT) |
| **MIDDLE FLINT BEHAVIORAL HEALTHCARE, TODD THOMPSON, and DIANNE THOMASON,** | ) |
| **Defendants.** | ) |

## ORDER

Before the Court is the Plaintiff's Motion for Reconsideration (Doc. 21) of this Court's Order (Doc. 19) granting summary judgment to the Defendants. Also pending is the Plaintiff's Motion to Appoint Counsel. (Doc. 22).

Pursuant to Local Rule 7.6, "Motions for Reconsideration *shall not be filed as a matter of routine practice.*" M.D. Ga., L.R. 7.6 (emphasis added). Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id.* "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [her] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

The Plaintiff has not met this burden.  She has not alleged an intervening change in the law nor presented new evidence previously unavailable to her.  Moreover, the Court is not persuaded that its ruling was clearly erroneous.  If the Plaintiff is dissatisfied with the Court's ruling in this case, she may appeal the decision to the United States Court of Appeals for the Eleventh Circuit.  If the Plaintiff wishes to appeal, she must file her notice of appeal with the district clerk within 30 days after entry of the judgment against her.  See Fed. R. App. P. 4(a).

The Court also denies the Plaintiff's request for counsel.  "Appointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Hunter v. Dept. of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir.1988) (stating that decision is within discretion of district court).  Rather, "it is a privilege that is justified only by exceptional circumstances." *Wahl*, 773 F.2d at 1174.  There are no such circumstances here.  As judgment has been entered for the Defendants, the litigation in this Court has largely run its course.  But even had the Plaintiff requested counsel at the outset of these proceedings, the Court would likely have denied her request because the essential facts and legal doctrines were not so complex as to warrant the assistance of counsel.  *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

Accordingly, the Plaintiff's Motion for Reconsideration and Motion to Appoint Counsel are both **DENIED**.

**SO ORDERED**, this 31st day of January, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
